# United States Court of Appeals
## For the Eighth Circuit

No. 25-1691

Paulina Sebastian-Perez,

*Petitioner*,

v.

Todd Blanche, Attorney General of the United States,[*]

*Respondent*.

------------------------------

National Immigration Litigation Alliance,

*Amicus on Behalf of Petitioner*.

Petition for Review of an Order of the
DHS Homeland Security

Submitted: June 9, 2026
Filed: September 2, 2026

[*]Acting Attorney General Blanche was appointed Attorney General of the United States while this petition was pending, and the caption is amended accordingly.

Before COLLOTON, Chief Judge, ARNOLD and GRASZ, Circuit Judges.

---

COLLOTON, Chief Judge.

Paulina Sebastian-Perez petitions for review of a decision of an immigration judge. The immigration judge affirmed an asylum officer's determination that Sebastian-Perez has not established a reasonable fear of persecution or torture. As a result of the judge's decision, Sebastian-Perez was unable to apply for withholding of removal or deferral of removal under the Convention Against Torture. We conclude that this court lacks jurisdiction under 8 U.S.C. § 1252(a)(1) to hear Sebastian-Perez's petition.

I.

Sebastian-Perez is a citizen of Mexico. She asserts that as a child, she experienced psychological and physical abuse from family members. When Sebastian-Perez was sixteen years old, she began a romantic relationship with a man, but it quickly deteriorated. The couple's child, a son, was born in 2015, and the father left for the United States in 2017.

In September 2019, Sebastian-Perez attempted to enter the United States and was detained at the border. She was ordered removed, and the Department of Homeland Security removed her. *See* 8 U.S.C. § 1231(a)(1)(A). In October 2019, Sebastian-Perez again attempted to enter the United States and was detained at the border. The Department reinstated the prior order of removal and removed her. *See id.* § 1231(a)(5).

In 2020, Sebastian-Perez unlawfully entered the United States without detection and moved in with the father of her child. In February 2025, law

enforcement officers arrested her for operating a motor vehicle without a driver's license. On February 23, a deportation officer served her with a "Notice of Intent/Decision to Reinstate Prior Order." The notice stated that the Secretary of Homeland Security intended to reinstate the order of deportation entered in September 2019. *See* 8 C.F.R. § 241.8(b). The notice further advised that Sebastian-Perez was "subject to removal by reinstatement of the prior order." Sebastian-Perez expressed a fear of returning to Mexico, and she was referred to an asylum officer to determine whether she had a reasonable fear of persecution or torture. *See* 8 C.F.R. §§ 241.8(e), 208.31(a).

An asylum officer conducted a reasonable fear interview. Under the governing procedures, if an asylum officer determines that an alien has a reasonable fear of persecution or torture, then the officer must refer the matter to an immigration judge for initiation of "withholding-only" proceedings. *See* 8 C.F.R. § 208.31(e); *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021). Withholding-only proceedings are "limited to a determination of whether the alien is eligible for withholding or deferral of removal," and "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." 8 C.F.R. § 208.2(c)(3)(i); *see Guzman Chavez*, 594 U.S. at 531. At the proceeding, an alien may apply for withholding of removal and for deferral of removal under the Convention Against Torture. *See Guzman Chavez*, 594 U.S. at 530-31; 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.31(e), 1208.16. The judge's decision may be appealed to the Board of Immigration Appeals. *See* 8 C.F.R. § 208.31(e); *Guzman Chavez*, 594 U.S. at 531.

In this case, however, the officer concluded that Sebastian-Perez did not have a reasonable fear of persecution or torture in Mexico. She sought review by an immigration judge, and the judge affirmed the asylum officer's finding. *See* 8 C.F.R. § 208.31(g).



Appellate Case: 25-1691 Page: 3 Date Filed: 09/02/2026 Entry ID: 5678981

Sebastian-Perez then petitioned for review in this court. The petition states that she "seeks review of the attached decision of the Immigration Judge upholding the Asylum Office's Negative Reasonable Fear Finding, entered April 8, 2025."

II.

Federal immigration law grants the courts of appeals jurisdiction to review a "final order of removal." 8 U.S.C. § 1252(a)(1). "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." *Id.* § 1252(a)(5).

The statutes also provide for consolidation of questions for judicial review. Judicial review "of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." *Id*. § 1252(b)(9). "In other words, a noncitizen's various challenges arising from the removal proceeding must be 'consolidated in a petition for review and considered by the courts of appeals.'" *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (quoting *INS v. St. Cyr*, 533 U.S. 289, 313 & n.37 (2001)).

Sebastian-Perez's petition for review states that she "seeks review of the attached decision of the Immigration Judge upholding the Asylum Office's Negative Reasonable Fear Finding, entered April 8, 2025." The petition does not seek review of the initial removal order entered in September 2019 or of the reinstatement order entered in February 2025. In another filing, Sebastian-Perez acknowledged that "she has chosen not to petition this court for review of the reinstatement order." Pet'r's Opp'n to Mot. for Summ. Disposition, at 14.

Even assuming without deciding that the reinstatement order of February 2025 constitutes a final order of removal, *see E.E.V. v. Blanche*, 180 F.4th 954, 964 (7th

Cir. 2026), and that a petition for review of that order could have been timely filed, *see id.* at 973-82, we conclude that the immigration judge's decision here is not a final order of removal. The decision is not an order "concluding that the alien is deportable or ordering deportation." *Nasrallah*, 590 U.S. at 582 (internal quotation omitted). The immigration judge concluded only that Sebastian-Perez was not eligible for withholding-only proceedings in which she could seek withholding of removal or deferral of removal under the Convention. *See* 8 C.F.R. §§ 1208.31(g), 1208.16(a); *Navarrete v. Bondi*, 170 F.4th 1214, 1218 & n.2 (9th Cir. 2026). An order denying those forms of relief is not a final order of removal. *See Riley v. Bondi*, 606 U.S. 259, 269-70 (2025); *Nasrallah*, 590 U.S. at 582.

The immigration judge's decision also does not "'disturb'" or "'affect the validity'" of a final order of removal. *See Riley*, 606 U.S. at 268 (quoting *Nasrallah*, 590 U.S. at 582). When an alien applies for withholding-only relief, she does so with respect to a particular country. *Guzman Chavez*, 594 U.S. at 535-36; *see* 8 C.F.R. § 1208.31(a). The removal order "remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute." *Guzman Chavez*, 594 U.S. at 536; *see* 8 C.F.R. §§ 1208.16(f), 1240.12(d), 1208.17(b)(2). Thus, "the validity of removal orders is not affected by the grant of withholding-only relief," *Guzman Chavez*, 594 U.S. at 540, or by the denial of such relief. *See Riley*, 606 U.S. at 268; *Nasrallah*, 590 U.S. at 582.

Because the immigration judge's decision does not affect the validity of a final order of removal, the judge's decision "does not merge into the final order of removal." *Nasrallah*, 590 U.S. at 582. This court does not have jurisdiction to review the immigration judge's decision on "reasonable fear" standing alone. *Hayles v. U.S. Att'y Gen.*, 179 F.4th 872, 877 (11th Cir. 2026); *Navarrete*, 170 F.4th at 1221; *see Riley*, 606 U.S. at 280 (Thomas, J., concurring). We respectfully disagree with the contrary view of the majority opinion in *Laureano v. Attorney General*, 177 F.4th 453, 458 (3d Cir. 2026), because the Supreme Court in *Riley* did not address the issue



Appellate Case: 25-1691 Page: 5 Date Filed: 09/02/2026 Entry ID: 5678981

and was not logically required to do so in order to remand the case for further proceedings on other grounds. *Id*. at 474 (Matey, J., dissenting).

Sebastian-Perez argues that *Lara-Nieto v. Barr*, 945 F.3d 1054 (8th Cir. 2019), establishes this court's jurisdiction. In *Lara-Nieto*, however, the alien petitioned for review of the Department's order reinstating an underlying removal order. *Id*. at 1058. The decision arguably establishes that this court has jurisdiction to review the validity of a reinstatement order. But *Lara-Nieto* did not hold that the court of appeals has jurisdiction to review a freestanding decision of an immigration judge reviewing an asylum officer's finding that an alien lacked reasonable fear of persecution or torture.

The National Immigration Litigation Alliance, as amicus curiae, cites *Cardoza Salazar v. Barr*, 932 F.3d 704, 706 n.2 (8th Cir. 2019), for the proposition that an alien, before *Riley*, was required in this circuit to file a petition for review only after litigating whether he maintained a reasonable fear of persecution or torture for purposes of withholding-only relief. The alien in *Cardoza Salazar*, however, also petitioned for review of a final order of removal. *Id.* at 706; *see Riley*, 606 U.S. at 272. *Cardoza Salazar* does not establish jurisdiction to review a standalone decision of an immigration judge affirming an asylum officer's finding on lack of reasonable fear.

The petition for review is dismissed for lack of jurisdiction. The government's motion for summary disposition is denied as moot.

______________________________



Appellate Case: 25-1691 Page: 6 Date Filed: 09/02/2026 Entry ID: 5678981